**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MYSTIE PETERSON**, <br><br> Plaintiff, <br><br> v. <br><br> **WALMART, INC.**, a Delaware corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> 29 U.S.C. § 2615, 42 U.S.C. §§ 12112 and 12203; ORS 653.641; ORS 659A.030; ORS 659A.109; ORS 659A.112; ORS 659A.183; Wrongful Discharge <br><br> **DEMAND FOR JURY TRIAL** |

**PARTIES, JURISDICTION & VENUE**

1.

Plaintiff Mystie Peterson ("Plaintiff" or "Ms. Peterson") is an individual who resides in Oregon.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

2.

Defendant Walmart, Inc. ("Walmart"), is a Delaware business corporation with its principal place of business in Arkansas.

3.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under 29 U.S.C. § 2615 and 42 U.S.C. §§ 12112 and 12203. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy.

4.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon.

**FACTUAL ALLEGATIONS**

5.

In or around May 2017, Plaintiff was hired by Walmart to work in Eugene, Oregon, as an apparel associate.

6.

At the time of her separation from employment with Walmart, Plaintiff was making $11 per hour. Plaintiff worked 30 to 35 hours weekly and consistently received praise for her work.

7.

Plaintiff suffers from chronic migraines and occasionally called in sick to work because of her condition.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

8.

Plaintiff's migraines were a disability in that they were a physical condition that substantially limited one or more major life activities including concentrating, thinking, and working.

9.

Plaintiff was able to perform the essential functions of her position at Walmart with or without accommodation.

10.

Plaintiff's migraines were also a serious health condition under the federal Family and Medical Leave Act ("FMLA"), the Oregon Family Leave Act ("OFLA"), and the Oregon Sick Leave law.

11.

When Plaintiff was suffering from a migraine and needed to miss work, she followed Walmart's policy and used the Walmart One employee application on her phone to designate that she was going to be out due to illness. Plaintiff did not have any absences from work that were not related to her illness.

12.

If Plaintiff was scheduled to work a morning shift, she also called her manager, Ross Radke ("Radke"), after she reported her absence on the Walmart One app. If Radke was not available, Plaintiff reported her absence to one of the assistant managers, including Felicia Durfee ("Durfee"), to inform them that she was having a migraine and would be out due to illness.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

13.

Walmart never informed Plaintiff of her right to file for FMLA or OFLA protected leave or Oregon protected sick time. Plaintiff was eligible to have her absences protected by OFLA during her employment with Walmart.

14.

Walmart uses or used an attendance point system in which employees receive an "attendance exception" point every time they do not work a scheduled shift, even if the reason is related to a medical condition or illness.

15.

At the time of Plaintiff's employment, employees were terminated when they went over nine points, regardless of the reason.

16.

Around May 2018 Plaintiff was given a "verbal warning" by Radke because of her attendance points. Plaintiff reminded Radke that these absences were all related to her chronic migraines. Radke dismissed her concerns and repeated that this was her warning. He again did not inform Plaintiff of her right to seek FMLA or OFLA protected leave.

17.

On or around August 1, 2018, Plaintiff was called into the office and told by Radke and Durfee that she was being fired because she had called in sick a few days prior, did not have the sick time to cover it, and that her attendance points had gone above nine.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

18.

Because of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and other income and emotional distress. Plaintiff also continues to accrue attorney fees and costs in pursuing this action.

19.

Plaintiff filed a complaint of unlawful employment practices against Defendant with the Oregon Bureau of Labor and Industries ("BOLI") on or around July 24, 2019. BOLI issued Plaintiff a Notice of Right to File a Civil Suit on or around April 6, 2020. This action now follows.

## CLAIMS FOR RELIEF

### Count One
### 29 U.S.C. § 2615
### FMLA Interference

20.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

21.

At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

22.

At all material times, Plaintiff suffered from a serious health condition.

23.

Defendant denied, interfered with, or discriminated or retaliated against Plaintiff for using protected medical leave.

Page 5     **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

24.

In perpetrating the above actions, Defendant acted willfully and with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA. As such, Plaintiff is entitled to liquidated damages for Defendant's violation of Plaintiff's FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

**Count Two**
**42 U.S.C. § 12112**
**ADA Disability Discrimination**

25.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

26.

The ADA, through 42 U.S.C. § 12112, prohibits discrimination again a qualified individual on the basis of disability.

27.

Plaintiff is a "qualified individual" with a "disability" as those terms are defined in 42 U.S.C. §§ 12102 and 12111.

28.

Defendant violated 42 U.S.C. § 12112 by, without limitation, subjecting Plaintiff to adverse employment action, including termination, on the basis of Plaintiff's disability or Defendant's need to make accommodations for Plaintiff's disability.

**COMPLAINT**     MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Count Two**
**42 U.S.C. § 12112**
**ADA Failure to Accommodate a Disability**

29.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

30.

The ADA, through 42 U.S.C. § 12112, makes it unlawful for an employer to fail to make reasonable accommodations for an individual's known physical or mental limitations.

31.

Defendant violated 42 U.S.C. § 12112 by, without limitation, failing to engage in the interactive process to determine reasonable accommodations for Plaintiff's disability and failing to make such accommodations.

**Count Three**
**42 U.S.C. § 12203**
**ADA Disability Retaliation**

32.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

33.

The ADA, through 42 U.S.C. § 12203, prohibits retaliation against or interference with an individual who invokes employment rights under the ADA or who files a charge or complaint of disability discrimination.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

34.

Defendant violated 42 U.S.C. § 12203 through, without limitation, discharging Plaintiff and/or depriving Plaintiff of employment opportunities based in whole or in part on Plaintiff's request(s) for disability accommodations.

### Count Four
### ORS 659A.112
### Disability Discrimination

35.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

36.

ORS 659A.112(1) prohibits an employer from discharging an employee or discriminating "in compensation or in terms, conditions or privileges of employment on the basis of disability."

37.

At all material times, Plaintiff had a disability as defined by ORS 659A.104. Plaintiff could perform the essential functions of Plaintiff's job, with or without accommodation.

38.

Walmart violated ORS 659A.112 by, without limitation, subjecting Plaintiff to adverse employment action, including termination, based on Plaintiff's disability or Walmart's need to make accommodations.

### Count Five
### ORS 659A.112
### Failure to Accommodate a Disability

39.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

40.

ORS 659A.112(2)(e) makes it unlawful for an employer to "not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability[.]"

41.

Walmart violated ORS 659A.112 by, without limitation, failing to engage in the interactive process to determine reasonable accommodations for Plaintiff's disability and failing to make such accommodations.

**Count Six**
**ORS 659A.109**
**Retaliation for Invoking Disability-Related Rights**

42.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

43.

ORS 659A.109 prohibits discrimination against an employee who invokes the disability-related protections contained in ORS 659A.103 to ORS 659A.145, including by requesting a reasonable disability accommodation.

44.

Walmart violated ORS 659A.109 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including termination, on the basis of Plaintiff's invocation of disability-related rights, including requesting accommodation(s).

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Count Seven**
**ORS 659A.183(1)**
**OFLA Leave Denial**

45.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

46.

OFLA, via ORS 659A.183(1), makes it unlawful for an employer to deny an employee protected family or medical leave, and to fail to notify an employee of their right to protected leave.

47.

OFLA protected leave includes up to 12 weeks for an employee to "recover from or seek treatment for a serious health condition[.]" ORS 659A.159(1)(c).

48.

Walmart violated ORS 659A.183 by, without limitation, failing to inform Plaintiff of OFLA protected leave, denying Plaintiff such leave, and/or discouraging Plaintiff from using such leave.

**Count Eight**
**ORS 659A.183(2)**
**OFLA Leave Retaliation**

49.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

50.

ORS 659A.183(2) makes it unlawful for an employer to "[r]etaliate or in any way discriminate against an individual" because the individual has inquired about or submitted a request for family leave, or otherwise invoked any provision of OFLA.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

51.

When an employee requests leave under OFLA, the employee is not required to mention a specific statue. *See* 29 C.F.R. § 303(b) ("When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA."); OAR 839-009-0220(2) ("Provisions of OFLA will be construed to the extent possible in a manner that is consistent with any similar provisions of [the federal Family and Medical Leave Act.]").

52.

Walmart violated ORS 659A.183(2) by, without limitation, subjecting Plaintiff to adverse employment action, including termination, based on Plaintiff's request to take leave protected by OFLA.

**Count Nine**
**ORS 653.641(1)**
**Sick Leave Denial/Interference**

53.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

54.

At all relevant times, Plaintiff qualified for sick time under ORS 653.616.

55.

ORS 653.641 makes it unlawful for an employer to deny or interfere with protected sick time.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

56.

Walmart violated ORS 653.641 by failing to provide sick leave to Plaintiff in response to Plaintiff's request for time off that qualified for sick leave.

**Count Ten**
**ORS 653.641(2)**
**Sick Leave Retaliation/Discrimination**

57.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

58.

ORS 653.641(2) makes it unlawful for an employer to discriminate or retaliate against an employee for using, attempting to use, or inquiring about protected sick time.

59.

Walmart interfered with, discriminated against and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time by taking adverse employment action, including termination, against Plaintiff in response to Plaintiff's request to use qualifying sick time.

**Count Eleven**
**ORS 659A.030(1)(f)**
**Employment Retaliation**

60.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

61.

ORS 659A.030(1)(f) provides that it is an unlawful practice for any person to "discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint" under Chapter 659A.

62.

Defendant violated ORS 659A.030(1)(f) by, without limitation, subjecting Plaintiff to adverse employment actions, including termination, on the basis of her reports that her use of time off was for a protected medical reason.

**Count Twelve**
**Wrongful Discharge**

63.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

64.

An employer commits the tort of wrongful discharge by, among other actions, terminating an employee "for exercising a job-related right that reflects an important public policy." *Yeager v. Providence Health System*, 96 P.3d 862, 865 (Or. App. 2004) (citation omitted).

65.

At all material times, the public policy of Oregon prohibited an employer from retaliating and discriminating against an employee for the use of OFLA leave and sick time. This policy is embodied in the common law, statutes, and regulations of the State of Oregon including the statutes delineated in the prior paragraphs of this complaint and the rules implementing those statutes.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

66.

Walmart subjected Plaintiff to a wrongful discharge by, without limitation, terminating Plaintiff's employment on the basis of her use of protected workplace rights.

## DEMAND FOR JURY TRIAL

67.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

68.

WHEREFORE, Plaintiff requests the following judgments against Defendant:

(a)    Economic damages in an amount to be determined at trial;

(b)    Non-economic damages, including for pain, suffering, and emotional distress, in an amount to be determined at trial;

(c)    Punitive damages in an amount to be determined at trial;

(d)    Liquidated damages in an amount to be determined at trial, including pursuant to 29 U.S.C. § 2617;

(e)    Reasonable costs and attorney fees, including as authorized by 29 U.S.C. § 2617, 42 U.S.C. §§ 1981a, 1988(b), 2000e-5, and 12117(a), ORS 659A.885, and ORS 20.107;

(f)    Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

(g)    Prejudgment and post-judgment interest as appropriate and allowed by law;

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

(h)    On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

(i)    All such other relief as this Court may deem proper.

DATED:        April 13, 2020                MEYER STEPHENSON

                                            *s/ Michael Owens*
                                            _____
                                            Robert K. Meyer, OSB No. 086470
                                            robert@oregonworkplacelaw.com
                                            Michael Owens, OSB No. 104720
                                            mike@oregonworkplacelaw.com

                                            *Attorneys for Plaintiff*

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022